UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD BUZZARD, JR, | CASE NO. C14-1663 MJP |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| PATRICK GLEBE, | |
| Respondent. | |

THIS MATTER comes before the Court on Petitioner Ronald Buzzard Jr.'s Objections, (Dkt. No. 38), to the Report and Recommendation of the Honorable James P. Donohue, United States Magistrate Judge. (Dkt. No. 36.) Having reviewed the Report and Recommendation, Petitioner's Objections, and all related papers, the Court ADOPTS the Report and Recommendation. Petitioner's habeas petition is DENIED as untimely and this case is DISMISSED with prejudice.

**Background**

Petitioner seeks Section 2254 habeas relief from his 2002 Washington State conviction for first degree rape of a child. (Dkt. Nos. 10, 21.) The Report and Recommendation ("R&R")

ORDER ADOPTING REPORT AND
RECOMMENDATION- 1

summarizes the relevant facts and the procedural history of Petitioner's criminal case. (Dkt. No. 36 at 2–6.) The Court does not repeat them here.

In the R&R, Judge Donohue recommended this Court deny Petitioner's habeas petition and deny the issuance of a certificate of appealability on the grounds that the habeas petition is untimely. (Id. at 11.) Petitioner objects to Judge Donohue's R&R on the grounds that (1) any procedural default should be excused based on the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012); (2) facts from his plea and sentencing hearing transcripts constitute newly discovered evidence excluding his claims from AEDPA's one-year time bar; and (3) that personal restraint petitions ("PRPs") that he filed in state court tolled the limitations period. (Dkt. No. 38.)

## Discussion

### A. Legal Standard

Under Federal Rule of Civil Procedure 72, the district judge must resolve de novo any part of the Magistrate Judge's R&R that has been properly objected to and may accept, reject, or modify the recommended disposition. Fed. R. Civ. P. 72(b)(3); See also 28 U.S.C. § 636(b)(1).

### B. Petitioner's Objections to the R&R

Petitioner first argues any procedural default should be excused based on the Supreme Court's decision in Martinez v. Ryan, 132 S. Ct. 1309 (2012). (Dkt. No. 38 at 1–3.) In Martinez, the Supreme Court held that "inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of counsel." Id. at 1315. Here, however, Judge Donohue recommended this Court deny Petitioner's habeas petition as untimely; not that the Court deny the petition on the grounds that Petitioner failed to raise his ineffective assistance of counsel claim in state

collateral proceedings. (Dkt. No. 36.) <u>Martinez</u> does not excuse the untimeliness of Petitioner's habeas petition.

Petitioner also argues that facts from his plea and sentencing hearing transcripts constitute newly discovered evidence excluding his claims from the one-year time bar. (Dkt. No. 38 at 3.) Judge Donohue adequately addressed this argument and found "[t]he facts and legal issues supporting petitioner's claims were available as early as May 3, 2005, when the judgment and sentence became final on direct review" and that "[p]etitioner could have raised the claims within the AEDPA statute of limitations, but he failed to do so." (Dkt. No. 36 at 11.) Petitioner's objection to the R&R fails to point out any error in the R&R.

Finally, Petitioner argues that the PRPs he filed in state court tolled the limitations period. (Dkt. No. 38 at 3.) Judge Donohue adequately addressed this argument and found that "[e]ven assuming <u>arguendo</u>, however, that the 2003 PRP and/or the 2005 motion did toll the statutory limitations period . . . state post-conviction or other collateral review would still have been completed by no later than February 7, 2006" and that Petitioner's federal habeas petition would still be untimely. (Dkt. No. 36 at 9.) Petitioner's objection to the R&R fails to point out any error in the R&R.

**Conclusion**

The Court ADOPTS the Report and Recommendation. Petitioner's habeas petition is DENIED as untimely and this case is DISMISSED with prejudice. In accordance with Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a certificate of appealability is DENIED with respect to the Court's determination that Petitioner's habeas petition is time-barred.

//

1 | The clerk is ordered to provide copies of this order to all counsel and to Petitioner.

2 | Dated this 15th day of October, 2015.

*[signature]*

Marsha J. Pechman
United States District Judge

ORDER ADOPTING REPORT AND
RECOMMENDATION- 4